Exhibit A

**MORGAN & MORGAN PHILADELPHIA, PLLC**
By: Kevin Clancy Boylan, Esquire
ID No.: 314117
2005 Market St., Suite 350
Philadelphia PA 19103
(215) 446-9795
Attorney for Plaintiff

| | | |
|---|---|---|
| HELEN MARTIN and | : | IN THE COURT OF COMMON PLEAS |
| LOUIS FAIRBURN HEINISCH | : | PHILADELPHIA COUNTY |
| Co-Administrators of the Estate | : | |
| of Lex Heinisch, Deceased | : | CIVIL ACTION – LAW |
| 950 Dixon Ave | : | JURY TRIAL DEMANDED |
| Croydon, PA 19021 | : | |
| | : | |
| vs. | : | |
| | : | |
| AMAZON.COM SERVICES, LLC | : | |
| 410 Terry Ave N | : | |
| Seattle, WA 98109 | : | NO. _____ |
| And | : | |
| GGI INTERNATIONAL, INC. | : | |
| 1 Paragon Dr. | : | |
| Montvale, New Jersey 07645 | : | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association**
**Lawyer Referral**
**and Information**
**Service One**
**Reading Center**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados**
**De Filadelfia**
**Servicio De Referencia E**
**Informacion Legal One**
**Reading Center**

**Philadelphia, Pennsylvania
19107
(215) 238-6333
TTY (215) 451-6197**

**Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

Case ID: 250703161

**MORGAN & MORGAN PHILADELPHIA, PLLC**
By:  Kevin Clancy Boylan, Esquire
ID No.:  314117
2005 Market St, Suite 350
Philadelphia PA 19103
(215) 446-9795
Attorney for Plaintiff

| | | |
|---|---|---|
| HELEN MARTIN and | : | IN THE COURT OF COMMON PLEAS |
| LOUIS FAIRBURN HEINISCH | : | PHILADELPHIA COUNTY |
| Co-Administrators of the Estate | : | |
| of Lex Heinisch, Deceased | : | CIVIL ACTION – LAW |
| 950 Dixon Ave | : | JURY TRIAL DEMANDED |
| Croydon, PA 19021 | : | |
| | : | |
| vs. | : | |
| | : | |
| AMAZON.COM SERVICES, LLC | : | |
| 410 Terry Ave N | : | |
| Seattle, WA 98109 | : | NO.  _____ |
| And | : | |
| GGI INTERNATIONAL, INC. | : | |
| 1 Paragon Dr. | : | |
| Montvale, New Jersey 07645 | : | |

## COMPLAINT

Comes now, Plaintiffs, Helen Martin and Louis Heinisch, Individually and in their

capacity as co-administrators of the Estate of Lex Heinisch and file this Original Complaint

suing Defendants Amazon.com Services LLC and GGI International, Inc. under the

Pennsylvania wrongful death act. In support thereof, Plaintiffs state:

### Introduction

1.      Plaintiffs bring this civil action to recover under the Pennsylvania wrongful death

act for the death of their son, Lex Heinsch, they alleges was caused by a defective child swing

(hereinafter the "Subject Child's Swing") that was designed and manufactured by Defendant

GGI International, Inc. and distributed and sold by Amazon.com Services LLC.

Case ID: 250703161

2.    Plaintiffs sue Defendants for their role in negligently designing, manufacturing, distributing, supplying, and selling the Subject Swing in its defective condition and for otherwise causing the incident and Decedent's death.

3.    Plaintiffs demand a jury trial for all claims triable.

## Parties, Jurisdiction and Venue

4.    Plaintiffs, Helen Martin and Louis Heinisch are a married individuals and citizens of the Commonwealth of Pennsylvania, with an address for service located at 950 Dixon Ave, Croydon, PA 19021.Plaintiffs were at all times relevant hereto the biological and legal mother of the Plaintiff's Decedent. Plaintiffs have been appointed as the co-administrators for the Estate of Lex Heinisch.

5.    At all times relevant hereto, Defendant, Amazon.com Services, LLC, ("Amazon") is alleged and therefore averred to be a corporation, partnership, fictitious name and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania, organized under the laws of the State of Washington with a principal place of business located at 410 Terry Ave N, Seattle, Washington 98109. Amazon may be served with process through its registered agent Corporation Services Company at 5235 North Front Street Harrisburg, Pennsylvania 17110.

6.    Nevertheless, Amazon has consented to be treated as a citizen of the Commonwealth for purposes of both personal and diversity jurisdiction. Specifically, Amazon has registered within Pennsylvania which under Pennsylvania law "shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction." Notably, Amazon is owned wholly byu Amazon.com, Inc. and general jurisdiction is predicated on either the place of incorporation or the principal place of business of

Case ID: 250703161

Amazon.com, Inc. Because Amazon.com, Inc. has a principal place of business in Washington, the only way for them to consent to a basis for general jurisdiction would be to effectively consent that they can be treated as if they have been incorporated within the Commonwealth. Thus, because the same standard, incorporating within the Commonwealth, would make Amazon a resident of the Commonwealth for purposes of diversity jurisdiction.

7.      Further, allowing Amazon to escape the courts of the Commonwealth on diversity grounds would entirely eviscerate the statutory purpose of the consent statute which is meant to require the consent of the foreign entity to submit to jurisdiction in the tribunals of the Commonwealth for all claims. Thus, while Amazon remains a resident of Washington it has consented to be treated as a resident of the Commonwealth by consenting to the same basis of jurisdiction that applies to govern the analysis of both diversity and general jurisdiction.

8.      This Court is authorized to assert personal general jurisdiction over Amazon because as a condition of Amazon's registration to do business, Amazon consented to personal general jurisdiction in Pennsylvania.

9.      At all times relevant hereto, Defendant, GGI International Inc., ("GGI") is alleged and therefore averred to be a corporation, partnership, fictitious name and/or other business entity transacting business in the Commonwealth of Pennsylvania, organized under the laws of the State of New Jersey with a principal place of business located at 1 Paragon Dr., Montvale, New Jersey 07645. Defendant GGI may be served with process through their registered agent Israel Goldstein at 1 Paragon Dr., Suite 153, Montvale, New Jersey 07645.

1.      This Court is authorized under Pennsylvania law to exercise personal jurisdiction over GGI pursuant to the Pennsylvania Long-Arm Statute because the claims stated herein arise out of GGI's:

Case ID: 250703161

    a.  Operating, conducting, engaging in, or carrying on a business or business venture in Pennsylvania or having an office or agency in Pennsylvania;

    b.  Committing a tortious act within Pennsylvania; or

    c.  Causing injury to persons or property within Pennsylvania arising out of an act or omission committed outside Pennsylvania where, at or about the time of the injury, either (i) GGI was engaged in solicitation or service activities within Pennsylvania, or (ii) products, materials, or things processed, serviced, or manufactured or distributed by GGI anywhere were used or consumed in Pennsylvania in the ordinary course of commerce, trade, or use.

2.      This Court further has the constitutional authority to exercise personal jurisdiction over GGI because the GGI purposefully availed and targeted the Pennsylvania market to sell the Subject Swing and their other products in Pennsylvania through Amazon by targeting Pennsylvania consumers via the Amazon system. Defendant's conduct demonstrations within Pennsylvania  purely to fuel the distribution and sale of products within the State of Pennsylvania. This includes specifically reaching out and targeting contracts with the State of Pennsylvania. All of GGI's contacts with Pennsylvania are related to manufacture, importing, marketing, distributing and selling consumer product to Pennsylvania residents. Plaintiff's claims arise out of those contacts, and exercising personal jurisdiction over GGI is proper. Further, exercising jurisdiction over GGI would be consistent with the traditional notions of fair play and substantial justice.

3.      Venue is proper in the City and County of Philadelphia as the product liability Defendants regularly conduct business in Philadelphia County.  Pa R.C.P. 2179 (a). Specifically, Amazon has established at least nine locations in Philadelphia to transport its goods into the Commonwealth of Pennsylvania. Amazon distributes 20,000 to 25,000 packages per day at just one of these facilities in Elmwood Park. Thus, there is no question that Amazon regularly conducts business in Philadelphia County because the quality of the acts are directly aimed at furthering Amazon's objects and the quantity of these acts are so continuous and sufficient that

Case ID: 250703161

they are general or habitual. *Hangey v. Husqvarna Prof'l Products, Inc.*, 304 A.3d 1120, 1126 (Pa. 2023).

## Factual Allegations

10.     Plaintiffs purchased the Subject Swing through Amazon.com.

11.     The Subject Swing was manufactured by Defendant GGI.

12.     GGI used Defendants Amazon to import, distribute and create a chain of distribution for the Subject Swing into the Commonwealth of Pennsylvania.

13.     Thus, all Defendants were within the stream of distribution for the Subject Swing and are thus equally responsible for distributing the Subject Swing in its defective state.

14.     Plaintiffs followed the instructions for assembly of the Subject Swing, including the recommendation to place the swing in their child's bedroom.

15.     On January 21, 2025, while Decedent was using the Subject Swing, Decedent became entangled in the Subject Swing.

16.     Decedent was found unresponsive entrapped in the Subject Swing. Lifesaving measures were taken but were unsuccessful and Decedent was pronounced dead.

17.     Defendants knew or should have known that the Subject Swing was defectively designed and/or defectively manufactured making it susceptible to child entrapment.

18.     Defendants knew or should have known of similar reports regarding sensory swings that the Subject Swing was dangerous for use by children and should not be placed in an area where children would be exposed to the Subject Swing.

19.     Defendants acknowledged this risk in their advertisements but provided conflicting recommendations informing would-be purchasers that the product should be installed in the rooms of children.

Case ID: 250703161

20.     Further, Defendant Amazon's AI tool, "Rufus," concludes based on the thousands of product reviews that the Subject Swing is regularly used in children's rooms and is promoted for such use.

21.     Other feasible designs existed that would have prevented children from being entrapped in the Subject Swing and prevented this incident.

22.     Defendants knew or should have known that the Subject Swing was defective in design, manufacture and warning.

23.     Defendant Amazon was also in a direct place to recall or warn end users of the danger that it knew or should have known about and had constructive knowledge about.

24.     Further, Defendants also failed to provide adequate warnings to end users and intermediaries regarding the potential for the Subject Swing's risks to children when installed as recommended.  Defendants instead knowingly promoted the product against its warnings sabotaging the products warnings.

25.     As a result, Plaintiff was not provided proper warnings or instructions to be advised of the dangerous nature of the Subject Swing nor any way to avoid the inherent dangers of the Subject Swing.

26.     Had Plaintiff been aware of the defective nature of the Subject Swing and its danger to children, she never would have purchased the Subject Swing for Lex's use.

27.     Thus, Defendants' collective negligence to negligently design, manufacture, market, distribute, sell, and place the Subject Swing in the stream of commerce in a defective state was an actual and proximate cause of Plaintiff's injuries and Decedent's untimely death

28.     The Plaintiffs' Decedent died as a result of the negligence, carelessness, wanton, and reckless conduct of the Defendants and the sale and distribution of their defective and

Case ID: 250703161

dangerous product which was not safe for its intended and foreseeable use as an children's product.

29.     As a further result of the aforesaid, Plaintiffs' Decedent was been obliged to receive and undergo medical attention and care, including rehabilitation, hospitalization, surgical procedures, which caused his parents and Estate to incur various and diverse medical expenses.

30.     As a further direct and proximate result of the negligence, carelessness, wanton, and reckless conduct of the Defendants, Plaintiffs' Decedent suffered great physical pain and suffering, trauma, mental anguish, embarrassment and humiliation.

31.     As a further direct and proximate result of the negligence, carelessness, wanton, and reckless conduct of the Defendant, Plaintiffs' Decedent's daily activities, occupation and usual life's pleasures were forever extinguished.

32.     As a further direct and proximate result of the negligence, carelessness, wanton, and reckless conduct of the Defendants, Plaintiffs' Decedent's earnings, earning capacity and employment opportunities were terminated.

33.     As a further direct and proximate result of the negligence, gross negligence, recklessness and/or carelessness of the Defendants, the Plaintiffs incurred liability for emergency medical services, funeral and household expenses.

### COUNT I
### PLAINTIFFS VS. AMAZON.COM SERVICES LLC
### STRICT LIABILITY

34.     Plaintiff incorporates by reference the preceding paragraphs as if the same were set forth fully herein.

Case ID: 250703161

35.    At all times relevant hereto the Subject Swing was jointly and/or severally designed, manufactured, fabricated, assembled, advertised, sold, and/or distributed by Defendant Amazon during and in the ordinary course of business.

36.    Said product as well as its component parts did reach Plaintiff's Decedent, and his parents, Plaintiffs, who were intended foreseeable users and caused injury and the wrongful death of Plaintiff's Decedent in a condition substantially unchanged from that in which it was manufactured, designed, fabricated, assembled, sold and/or distributed.

37.    The injuries and damages sustained by the Plaintiffs as set forth above, were the direct result of the defective and dangerous conditions existing at the time of the joint and/or several design, manufacture, fabrication, assembly, advertisement, sale and/or distribution by Defendant, acting as aforesaid, which conditions and/or defects are incorporated herein.

38.    Defendant Amazon is strictly liable pursuant to Section 402(a) of the Restatement of Torts, Second as said product was defective and unreasonably dangerous at the time it was distributed and Defendant Amazon failed to warn Plaintiffs' Decedent and other users of the aforementioned defects and dangers.

39.    Prior to the sale of the subject product, and the death of the Plaintiffs' Decedent, Defendant Amazon knew, or should have known with adequate inspection and/or testing, that the product was in a defective and dangerous condition and that because of the defects, the product could not be used safely for the purposes for which it was intended.

40.    Defendant Amazon also knew that continued sale and use of the product would result in further injuries to persons such as Plaintiffs' Decedent.

41.    The risk of the defective and dangerous design of the Subject Swing outweighed the utility of the design, such that a reasonable person would conclude that the probability and

Case ID: 250703161

seriousness of harm arising from the product's design outweighed the burden or cost of taking precautions.

42.     The defective and dangerous condition of the Subject Swing was unknowable and unacceptable to the average or ordinary consumer, and was a condition upon normal use that was dangerous beyond the contemplation of a reasonable consumer and therefore the product was defective under the consumer expectations test.

43.     The product was manufactured, designed, fabricated, assembled, distributed, marketed, promoted, advertised, sold and/or inspected by the Defendant Amazon and also failed to contain proper warnings and instructions regarding the use of and all dangers associated with the use and operation of the product.

44.     The product was also defective due to inadequate post-marketing warning or instruction because, after the Defendant Amazon knew or should have known of the risk of injury and/or death to users of the product, Defendant Amazon failed to provide adequate warnings to users and caretakers of child users of the product but continued to manufacture, design, fabricate, assemble, distribute, promote and/or sell the product.

45.     As a result of the aforementioned defects and/or other unreasonably dangerous propensities of the product, including improper warnings and instructions on the product and in the operations/use manuals, the Plaintiffs' Decedent was caused to sustain severe, serious and permanent injuries including his wrongful death and damages as set forth above.

WHEREFORE, Plaintiffs demand judgment against the Defendant, Amazon.com Services LLC, its agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, delay damages, costs and such other further relief the Court shall deem appropriate.

Case ID: 250703161

## COUNT II
## PLAINTIFFS VS. AMAZON.COM SERVICES LLC
## <u>BREACH OF WARRANTY</u>

46.    Plaintiff incorporates by reference the preceding paragraphs as if the same were set forth fully herein.

47.    Defendant Amazon expressly and impliedly warranted that the product was safe and fit for the particular purpose for which it was made.

48.    Defendant Amazon's breach of contract/warranty consisted, *inter alia*, of selling a defective and dangerous product.

49.    Plaintiffs and Decedent, in purchasing and using the product, relied on the skill, judgment, representations and foregoing implied and express warranties of Defendant Amazon. Said warranties and representations were false in that the aforementioned product was not safe; was un-merchantable; and, was unfit for the ordinary purpose and uses for which it was intended and caused Plaintiffs' injuries.

50.    Prior to the time the product was used by the Plaintiffs' Decedent and his family members and caretakers, the Defendant Amazon had implied warranties to the general public that the said product was of merchantable quality and safe and fit for the use for which it was intended including in a child's bedroom.

51.    The general public is reasonably relied on the skill, judgment and implied warranty of the Defendant Amazon in using the aforementioned product.

52.    The product was neither safe for its intended use nor of merchantable quality, as warranted by Defendant Amazon, in that it had dangerous propensities when put to its intended use and would cause severe injuries to the user and/or persons in close proximity.

Case ID: 250703161

53.     The aforementioned breach of warranty was the proximate cause of the injuries and damages sustained by the Plaintiffs as set forth above.

WHEREFORE, Plaintiff, David V. Bogdan, Esq., demands judgment against the Defendant, Amazon.com Services LLC, its agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, delay damages, costs and such other further relief the Court shall deem appropriate.

**COUNT III**
**PLAINTIFFS VS. AMAZON.COM SERVICES LLC**
**<u>NEGLIGENCE</u>**

54.     Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth fully herein.

55.     The negligence, carelessness, wanton, and reckless conduct of Defendant Amazon, their agents, ostensible agents, servants, workmen, contractors, officers and/or employees, consists of, but is not limited to, the following:

      a.     failing to properly design the Subject Swing;

      b.     failing to properly test the Subject Swing;

      c.     failing to properly manufacture the Subject Swing;

      d.     failing to warn of the dangers of using the Subject Swing;

      e.     failing to consult with physicians, biomechanical engineers and/or human factors engineers in the design, testing, manufacture and marketing of the Subject Swing;

      f.     designing and promoting the Subject Swing to be installed in an unsafe manner inside a child's bedroom;

      g.     designing the Subject Swing without adequate safeguards to prevent children from being entangled in the product;

Case ID: 250703161

h.      recognizing that the Subject Swing would increase the risk of injury and/or death as a result of positional asphyxia and/or suffocation;

i.      selling the subject product notwithstanding the recognition that use of the Subject Swing would increase the risk of injury and/or death as a result of positional asphyxia and/or suffocation;

j.      intentionally, willfully and recklessly disregarding their actual knowledge of the increased risk of injury and/or death as a result of positional asphyxia and/or suffocation from use of the Subject Swing;

k.      intentionally, willfully and recklessly concealing from consumers the known increased risk of injury and/or death as a result of positional asphyxia and/or suffocation from use of the Subject Swing;

l.      intentionally, willfully and recklessly failing and refusing to alter the design of the subject product to reduce the risk of injury and/or death as a result of positional asphyxia and/or suffocation from use of the Subject Swing;

m.      intentionally, willfully and recklessly exposing children to the known increased risk of injury and/or death as a result of positional asphyxia and/or suffocation from use of the Subject Swing;

n.      intentionally, willfully and recklessly misrepresenting the character and nature of the Subject Swing, including the risks associated with its use;

o.      intentionally, willfully and recklessly disregarding the safety of consumers;

p.      failing to provide adequate warnings and/or instructions to warn of the foreseeable risks of the Subject Swing and to instruct users how to avoid these risks;

q.      failing to provide the Subject Swing with all elements necessary to make it safe for its intended and foreseeable uses;

r.      failing to warn purchasers and users of the Subject Swing's inadequate and unsafe design;

s.      disregarding available information demonstrating that the design of the Subject Swing created an unacceptable risk of injury and/ or death to users of the product;

t.      distributing the Subject Swing to end users despite knowing the risk that the Subject Swing posed to children;

u.      failing to provide a reasonably safe product; and

Case ID: 250703161

    v.  failing to recall the subject product in a timely manner.

56. Prior to the product being placed into the stream of commerce which caused the Plaintiffs' Decedent's death, Defendant Amazon had actual knowledge that the product defective and dangerous such that it could not be used safely for the purposed for which it was intended.

57. Defendant Amazon also knew, or at the absolute least, should have known or was negligently, carelessly and recklessly ignorant to the fact that continued manufacturing and sale of the product would result in further injuries to persons such as Plaintiffs' Decedent.

58. By designing, marketing, advertising, selling, distributing and placing into the stream of commerce that violated basic safety principals, and which Defendants had actual knowledge of the dangers and hazards associated with the use of the product, Defendants acted outrageously, willfully, wantonly, recklessly and with indifference to the safety of others, including the Plaintiffs' Decedent.

59. Defendant Amazon knew that this product created a high degree of risk of physical harm to children but continued to sell it anyway, placing profits and money before the safety of children.

60. These actions set forth above were negligent, careless, reckless, willful, wanton and deliberate and increased the risk of harm to the users of these products, and were substantial factors and the cause of the Plaintiffs' Decedent's injuries, damages, losses and wrongful death.

WHEREFORE, Plaintiffs demand judgment against the Defendant, Amazon.com Services LLC, its agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, delay damages, costs and such other further relief the Court shall deem appropriate.

Case ID: 250703161

## COUNT IV
## PLAINTIFFS VS. GGI INTERNATIONAL
## <u>STRICT LIABILITY</u>

61.    Plaintiff incorporates by reference the preceding paragraphs as if the same were set forth fully herein.

62.    At all times relevant hereto the Subject Swing was jointly and/or severally designed, manufactured, fabricated, assembled, advertised, sold, and/or distributed by Defendant GGI during and in the ordinary course of business.

63.    Said product as well as its component parts did reach Plaintiffs' Decedent, and his parents, Plaintiffs, who were intended foreseeable users and caused injury and the wrongful death of Plaintiffs' Decedent in a condition substantially unchanged from that in which it was manufactured, designed, fabricated, assembled, sold and/or distributed.

64.    The injuries and damages sustained by the Plaintiffs as set forth above, were the direct result of the defective and dangerous conditions existing at the time of the joint and/or several design, manufacture, fabrication, assembly, advertisement, sale and/or distribution by Defendant GGI, acting as aforesaid, which conditions and/or defects are incorporated herein.

65.    Defendant GGI is strictly liable pursuant to Section 402(a) of the Restatement of Torts, Second as said product was defective and unreasonably dangerous at the time it was distributed and Defendant GGI failed to warn Plaintiffs' Decedent and other users of the aforementioned defects and dangers.

66.    Prior to the sale of the subject product, and the death of the Plaintiffs' Decedent, Defendant GGI knew, or should have known with adequate inspection and/or testing, that the product was in a defective and dangerous condition and that because of the defects, the product could not be used safely for the purposes for which it was intended.

Case ID: 250703161

67. Defendant GGI also knew that continued sale and use of the product would result in further injuries to persons such as Plaintiffs' Decedent.

68. The risk of the defective and dangerous design of the Subject Swing outweighed the utility of the design, such that a reasonable person would conclude that the probability and seriousness of harm arising from the product's design outweighed the burden or cost of taking precautions.

69. The defective and dangerous condition of the Subject Swing was unknowable and unacceptable to the average or ordinary consumer, and was a condition upon normal use that was dangerous beyond the contemplation of a reasonable consumer and therefore the product was defective under the consumer expectations test.

70. The product was manufactured, designed, fabricated, assembled, distributed, marketed, promoted, advertised, sold and/or inspected by the Defendant GGI and also failed to contain proper warnings and instructions regarding the use of and all dangers associated with the use and operation of the product.

71. The product was also defective due to inadequate post-marketing warning or instruction because, after the Defendant GGI knew or should have known of the risk of injury and/or death to users of the product, Defendant GGI failed to provide adequate warnings to users and caretakers of child users of the product but continued to manufacture, design, fabricate, assemble, distribute, promote and/or sell the product.

72. As a result of the aforementioned defects and/or other unreasonably dangerous propensities of the product, including improper warnings and instructions on the product and in the operations/use manuals, the Plaintiffs' Decedent was caused to sustain severe, serious and permanent injuries including his wrongful death and damages as set forth above.

Case ID: 250703161

WHEREFORE, Plaintiffs demand judgment against the Defendant, GGI International, Inc, its agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, delay damages, costs and such other further relief the Court shall deem appropriate.

### COUNT V
### PLAINTIFFS VS. GGI INTERNATIONAL, INC.
### BREACH OF WARRANTY

73.    Plaintiff incorporates by reference the preceding paragraphs as if the same were set forth fully herein.

74.    Defendant GGI expressly and impliedly warranted that the product was safe and fit for the particular purpose for which it was made.

75.    Defendant GGI's breach of contract/warranty consisted, *inter alia*, of selling a defective and dangerous product.

76.    Plaintiffs and Decedent, in purchasing and using the product, relied on the skill, judgment, representations and foregoing implied and express warranties of Defendant GGI.  Said warranties and representations were false in that the aforementioned product was not safe; was un-merchantable; and, was unfit for the ordinary purpose and uses for which it was intended and caused Plaintiffs' injuries.

77.    Prior to the time the product was used by the Plaintiffs' Decedent and his family members and caretakers, Defendant GGI had implied warranties to the general public that the said product was of merchantable quality and safe and fit for the use for which it was intended including in a child's bedroom.

78.    The general public is reasonably relied on the skill, judgment and implied warranty of the Defendant GGI in using the aforementioned product.

Case ID: 250703161

79.    The product was neither safe for its intended use nor of merchantable quality, as warranted by Defendant GGI, in that it had dangerous propensities when put to its intended use and would cause severe injuries to the user and/or persons in close proximity.

80.    The aforementioned breach of warranty was the proximate cause of the injuries and damages sustained by the Plaintiffs as set forth above.

WHEREFORE, Plaintiffs demand judgment against the Defendant, GGI International, Inc., its agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, delay damages, costs and such other further relief the Court shall deem appropriate.

## COUNT VI
## PLAINTIFFS VS. GGI INTERNATIONAL, INC.
## NEGLIGENCE

81.    Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth fully herein.

82.    The negligence, carelessness, wanton, and reckless conduct of Defendant GGI, their agents, ostensible agents, servants, workmen, contractors, officers and/or employees, consists of, but is not limited to, the following:

   a.    failing to properly design the Subject Swing;

   b.    failing to properly test the Subject Swing;

   c.    failing to properly manufacture the Subject Swing;

   d.    failing to warn of the dangers of using the Subject Swing;

   e.    failing to consult with physicians, biomechanical engineers and/or human factors engineers in the design, testing, manufacture and marketing of the Subject Swing;

   f.    designing and promoting the Subject Swing to be installed in an unsafe manner inside a child's bedroom;

Case ID: 250703161

g.  designing the Subject Swing without adequate safeguards to prevent children from being entangled in the product;

h.  recognizing that the Subject Swing would increase the risk of injury and/or death as a result of positional asphyxia and/or suffocation;

i.  selling the subject product notwithstanding the recognition that use of the Subject Swing would increase the risk of injury and/or death as a result of positional asphyxia and/or suffocation;

j.  intentionally, willfully and recklessly disregarding their actual knowledge of the increased risk of injury and/or death as a result of positional asphyxia and/or suffocation from use of the Subject Swing;

k.  intentionally, willfully and recklessly concealing from consumers the known increased risk of injury and/or death as a result of positional asphyxia and/or suffocation from use of the Subject Swing;

l.  intentionally, willfully and recklessly failing and refusing to alter the design of the subject product to reduce the risk of injury and/or death as a result of positional asphyxia and/or suffocation from use of the Subject Swing;

m.  intentionally, willfully and recklessly exposing children to the known increased risk of injury and/or death as a result of positional asphyxia and/or suffocation from use of the Subject Swing;

n.  intentionally, willfully and recklessly misrepresenting the character and nature of the Subject Swing, including the risks associated with its use;

o.  intentionally, willfully and recklessly disregarding the safety of consumers;

p.  failing to provide adequate warnings and/or instructions to warn of the foreseeable risks of the Subject Swing and to instruct users how to avoid these risks;

q.  failing to provide the Subject Swing with all elements necessary to make it safe for its intended and foreseeable uses;

r.  failing to warn purchasers and users of the Subject Swing's inadequate and unsafe design;

s.  disregarding available information demonstrating that the design of the Subject Swing created an unacceptable risk of injury and/ or death to users of the product;

Case ID: 250703161

t.    distributing the Subject Swing to end users despite knowing the risk that the Subject Swing posed to children;

u.    failing to provide a reasonably safe product; and

v.    failing to recall the subject product in a timely manner.

83.    Prior to the product being placed into the stream of commerce which caused the Plaintiffs' Decedent's death, Defendant GGI had actual knowledge that the product defective and dangerous such that it could not be used safely for the purposed for which it was intended.

84.    Defendant GGI also knew, or at the absolute least, should have known or was negligently, carelessly and recklessly ignorant to the fact that continued manufacturing and sale of the product would result in further injuries to persons such as Plaintiffs' Decedent.

85.    By designing, marketing, advertising, selling, distributing and placing into the stream of commerce that violated basic safety principals, and which Defendant GGI had actual knowledge of the dangers and hazards associated with the use of the product, Defendant GGI acted outrageously, willfully, wantonly, recklessly and with indifference to the safety of others, including the Plaintiffs' Decedent.

86.    Defendant GGI knew that this product created a high degree of risk of physical harm to children but continued to sell it anyway, placing profits and money before the safety of children.

87.    These actions set forth above were negligent, careless, reckless, willful, wanton and deliberate and increased the risk of harm to the users of these products, and were substantial factors and the cause of the Plaintiffs' Decedent's injuries, damages, losses and wrongful death.

WHEREFORE, Plaintiffs demand judgment against the Defendant, GGI International, Inc., its agents, servants, workmen and/or employees, jointly and/or severally, in an amount in

Case ID: 250703161

excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, delay damages, costs and such other further relief the Court shall deem appropriate

**COUNT VII**
**PLAINTIFFS V. ALL DEFENDANTS**
**1ST CAUSE OF ACTION**
**WRONGFUL DEATH**

88.     Plaintiffs incorporates by reference the preceding paragraphs as though each were set forth herein at length.

89.     Plaintiffs brings this action pursuant to the Wrongful Death Act 42 Pa. C.S.A. Section 801 and claims all damages recoverable under the Pennsylvania Wrongful Death Act.

90.     The names and last known addresses of all persons who may be entitled by law to recover damages, as well as their relations to decedent Lex Heinisch are limited to his natural parents, the Plaintiffs.

91.     As a direct and proximate result of the foregoing, the Decedent's Wrongful Death beneficiaries have been, continue to be, and will in the future be deprived of his counsel, services, companionship and society.

92.     As a direct and proximate result of the Defendants' negligence and carelessness as set forth above, which is incorporated herein, Lex Heinisch's Wrongful Death beneficiaries suffered, are suffering, and will, for an indefinite period of time in the future suffer damages, injuries and losses including but not limited to, a loss of financial support, and the beneficiaries have been wrongfully deprived of the contributions they would have received from him, including monies which he would have provided for items such as clothing, food, shelter, medical care, education and entertainment, recreation and gifts.

Case ID: 250703161

93.     As a direct and proximate result of the Defendants' negligence and carelessness as set forth above, which is incorporated herein, Lex Heinisch's Wrongful Death beneficiaries have been caused to incur and pay various expenses for medical treatment, hospital care, custodial care, nursing care and medications, and funeral and other expenses related to his death.

WHEREFORE, Plaintiffs demand judgment against the Defendants, Amazon.com Services LLC and GGI International, Inc, their agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, (against the product liability Defendants only) delay damages, costs and such other further relief the Court shall deem appropriate.

**COUNT VIII**
**PLAINTIFFS V. ALL DEFENDANTS**
**2ND CAUSE OF ACTION**
**SURVIVAL ACTION**

94.      Plaintiffs incorporates by reference the preceding paragraphs as though each were set forth herein at length.

95.     Plaintiffs brings this action on behalf of the Estate of Lex Heinisch, deceased, by virtue of the Survival Act, 42 Pa. C.S.A. . § 8302, and claims all benefits of the Survival Act on behalf of Lex Heinisch's Estate and other persons entitled to recover under law.

96.     As a direct and proximate result of the Defendants' negligence and carelessness as set forth above, which is incorporated herein, Plaintiff claims on behalf of the Estate Lex Heinisch all damages suffered by the Estate by reason of the death of Lex Heinisch including without limit the generality of the following:  the severe injuries to Lex Heinisch which resulted in his death; the anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Lex Heinisch suffered prior to his death; the loss of past, present and future earning capacity suffered by Lex Heinisch from the date of his death until the time in

Case ID: 250703161

the future he would have lived had he not died as a result of the injuries he sustained; expenses for medical care; the loss and total imitation and deprivation of his normal activities, enjoyment of life, pursuits and life's pleasures from the date of his death until such time in the future as he would have lived had he not died as a result of the injuries sustained.

WHEREFORE, Plaintiffs demand judgment against the Defendant, Amazon.com Services LLC and GGI International, Inc., their agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, (against the product liability Defendants only) delay damages, costs and such other further relief the Court shall deem appropriate.

MORGAN & MORGAN PHILADELPHIA, PLLC

BY:   */s/ K. Clancy Boylan*_____
KEVIN CLANCY BOYLAN, ESQUIRE

Case ID: 250703161

**<u>VERIFICATION</u>**

I, Kevin Clancy Boylan, Esquire, hereby certify that the facts contained in the foregoing Complaint, are true and correct to the best of my knowledge, information and belief. I make this statement subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.


Date:  July 29, 2025                                    */s/ K. Clancy Boylan*
                                                       Kevin Clancy Boylan, Esq.