IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HELEN MARTIN,** *et al.***,** | : | **CIVIL ACTION** |
| *Plaintiffs*, | : | |
| | : | **NO. 25-4915** |
| **v.** | : | |
| | : | |
| **AMAZON.COM SERVICES LLC** *et al.***,** | : | |
| | : | |
| *Defendants*. | : | |

NITZA I. QUIÑONES ALEJANDRO                                                                      DECEMBER 4, 2025

## MEMORANDUM OPINION

**INTRODCUTION**

On July 29, 2025, Plaintiffs Helen Martin and Louis Heinisch, individually and in their capacity as co-administrators of the Estate of Lex Heinisch, (collectively, "Plaintiffs"), filed a state-court product liability, negligence, wrongful death, and survival action against Defendants Amazon.com Services LLC ("Amazon") and GGI International, Inc. ("GGI" and, collectively, "Defendants"). (ECF 1-1). In their complaint, Plaintiffs allege that a child-swing, designed by GGI and distributed by Amazon, was defective, and that the defect in the swing was responsible for the death of minor, Lex Heinisch. (*Id*. at p. 1.).

On August 27, 2025, pursuant to Title 28 United States Code Section 1446(b), Amazon timely moved to remove this case from the Philadelphia Court of Common Pleas to the federal court in Eastern District of Pennsylvania. (ECF 1). In its notice of removal, Amazon argues that this Court has jurisdiction based on the existence of diversity of citizenship between the parties. (ECF 1 at 2) (citing, *inter alia*, 28 U.S.C. § 1332). In their motion to remand, Plaintiff disputes this contention and argues that Amazon has registered as a foreign entity in the Commonwealth of

Pennsylvania and, therefore, should be considered a citizen of Pennsylvania, thus, defeating the diversity of citizenship claimed by Amazon.

Before this Court is Plaintiff's motion to remand this case to the Philadelphia Court of Common Pleas, (ECF 13), and Amazon's response in opposition, (ECF 14). For the reasons set forth herein, the motion for remand is denied. An order consistent with this memorandum will follow.

**LEGAL STANDARD**

Generally, a "civil action brought in state court may be removed by the defendant to federal district court if the federal court would have had original jurisdiction over the claim." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing 28 U.S.C. § 1441(a)). "Federal district courts have 'original jurisdiction of all civil actions' between citizens of different states, 'where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Sciarrino v. State Farm Fire & Cas. Co.*, 476 F. Supp. 3d 91, 93 (E.D. Pa. 2020) (quoting 28 U.S.C. § 1332(a)). "[I]n removed cases, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (quoting 28 U.S.C. § 1447(c)). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Id.* (citation omitted). "When assessing a motion to remand for lack of subject matter jurisdiction, 'all doubts [should be] resolved in favor of remand.'" *Andrews v. Nike, Inc.*, No. 21-2793, 2021 WL 5042460, at *1 (E.D. Pa. Oct. 29, 2021) (quoting *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996)).

**DISCUSSION**

For purposes of diversity jurisdiction, an individual is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citation omitted). Likewise, a corporation is a citizen of the state where it is incorporated and where it has its principal place of business." *Brewer v. SmithKline Beacham Corp.*, 774 F. Supp. 2d 720, 725 (E.D. Pa. 2011) (citing 28 U.S.C. § 1332(c)(1)); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). However, a corporation is not "domiciled" or considered a "citizen" of each state in which it is registered to conduct business. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 n.20 (2014).

Here, there are no disputes as to the following facts: Plaintiffs are domiciled in Pennsylvania as was the Decedent child and, thus, are citizens of Pennsylvania. Defendant Amazon.com, Inc. is registered in the state of Delaware, with its principal place of business in the state of Washington, making it a citizen of both Delaware and Washington. GGI International, Inc. is incorporated in New Jersey and has its principal place of business in New Jersey. (ECF 1 at p. 3). Thus, complete diversity exists between the parties.

Plaintiffs' argument for remand rests on a misconstrued interpretation of the effect 15 Pa. C.S.A. § 411 has on a corporation's citizenship for purposes of determining whether federal diversity jurisdiction between parties exists. In the motion for remand, Plaintiffs essentially argue that by conforming with § 411 and registering to do business in Pennsylvania, Amazon becomes a citizen of Pennsylvania. Plaintiffs are mistaken. This state law provision simply requires an out-of-state entity to register with the Commonwealth of Pennsylvania before conducting business

within its borders.[1]

Nonetheless, Plaintiffs argue that such registration subjects Amazon to the "general jurisdiction" in the Commonwealth, rendering the removal of the state court action to federal court improper. (ECF 4-7).  Plaintiffs are correct that Pennsylvania courts have general jurisdiction over Amazon pursuant to Section 411.  However, while Amazon may be subject to the general jurisdiction in Pennsylvania courts given its registration and ties to the state, such registration does not does not vest Pennsylvania citizenship on Amazon nor deprives this Court of jurisdiction over the parties based on their complete diversity.[2]  The federal statute is clear: "the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of or value of $75, 000, exclusive of interest and costs and is between citizens of different states".  28 U.S.C. § 1332 (a)(1).  As noted, the parties in this action are citizens of different states.  A state statute requiring registration or certification to "do business" in the state does not affect the citizenship of the entity seeking such registration or certification, or this Court's original jurisdiction conferred by statute, as noted.  Plaintiffs have pointed to no source of law disrupting this well-settled principle or which would void the federal statute. (*See generally* ECF 14 at pp. 6-19).

Here, the question on the motion to remand is not whether the Pennsylvania courts have jurisdiction to hear cases against Amazon – precedent clearly establishes that they do, *see Bane v. Netlink, Inc.*, 925 F.2d 637, 640 (3d Cir. 1991) – but rather whether diversity between the parties exists. *See* 28 U.S.C. § 1332.  Many states require licensing or registration before an entity may do

---

[1]    Section 411 provides: **"**Except as provided in section 401 (relating to application of chapter) or subsection (g), a foreign filing association or foreign limited liability partnership may not do business in this Commonwealth until it registers with the department under this chapter." 15 Pa. C.S.A. § 411(a).

[2]    "[R]egistration by a foreign corporation carries with it consent to be sued in Pennsylvania courts. *Bane v. Netlink, Inc.*, 925 F.2d 637, 640 (3d Cir. 1991).

business within its borders.  Plaintiffs' argument, taken to its logical conclusion, is that federal jurisdiction based on diversity is defeated by seeking the required licensure or registration; that doing so makes an entity a citizen of that state.  That is not the law.  Amazon is not a citizen of Pennsylvania.

Accordingly, Plaintiff has failed to show a lack of diversity between the parties[3] or that the amount in controversy demands remand.[4]  Accordingly, the motion is denied.

NITZA I. QUIÑONES ALEJANDRO

---

[3] Plaintiff alleges GGI is incorporated in New Jersey with its principal place of business in that state. (ECF 1-1 at p. 6).  Accordingly, GGI is also not considered a citizen of Pennsylvania.

[4] The wrongful death and survivor action involving of a minor meets at least the $75,000 threshold amount of controversy of 28 U.S.C. § 1332.